(37 Misc. Rep. 684.)

### HARDING v. TAYLOR.

(Supreme Court, Special Term, New York County. April, 1902.)

CONTRACT—RESCISSION—FRAUDULENT REPRESENTATIONS.

> Plaintiff purchased a fourth interest in a business on representation of defendant that it had netted an annual profit of $10,000, and that the annual receipts were about $12,000. The evidence showed that a bank book exhibited by defendant at the time of the negotiations represented deposits made in connection with other matters, and that the receipts for three years prior to the purchase did not exceed $2,500, and that plaintiff relied on the fraudulent representations in the purchase. *Held,* she was entitled to rescission of the agreement.

Action by Cornelia Harding against Georgiana Taylor. Judgment for plaintiff.

Harding & Taylor and Seth B. Robinson (Chas. De Hart Brower, of counsel), for plaintiff.

Lawrence & Hughes, for defendant.

GREENBAUM, J. Plaintiff seeks to rescind an agreement made on the 1st day of April, 1901, between the defendant and herself, under

the terms of which the defendant sold to plaintiff for the sum of $2,500
a quarter interest in a business then owned by the defendant, and
by which the parties also entered into a copartnership with respect
to said business, each contributing her respective interest therein,
and, in addition, the sum of $150, with which to open a bank account
for the purposes of said business. The grounds upon which plaintiff
relies for relief are that she was induced to purchase an interest in
said business and become a copartner upon the alleged false and
fraudulent representations of the defendant that the business had
theretofore netted an annual profit of about $10,000, and that her
annual receipts from said business had been about $12,000. The
business as described in the agreement is that "of carrying on a dress-
cutting and dress-making business, and giving instruction in the art
of dress-cutting and dress-making." From the testimony in the case,
the business seems to have been principally that of a school of in-
struction in the art of dress-cutting and dress-making and the selling
of a certain "system and rule" solely used by the defendant in her
business. The defendant introduced no proof, but upon the close of
plaintiff's case moved to dismiss the complaint upon the ground that
the plaintiff had failed to establish facts sufficient to constitute a cause
of action.

The proofs of the plaintiff show that the defendant had made the
representations upon which the plaintiff relied when she entered into
the agreement. The only question is, has the falsity of the repre-
sentations been established? It was shown that at the time of the
alleged representations the defendant submitted to a party, who acted
for the plaintiff, a certain bank book indicating deposits for the year
1900 and for one month of 1901, aggregating about $13,000, of which
defendant asserted that about $12,000 were receipts from the school
and about $1,000 from the sale of systems. At the same time the
proof shows that defendant stated she had another business bank
account, which contained the deposits from other sources of income,
such as rentals received from tenants occupying various portions
of the building where the business was conducted, and of which de-
fendant was lessee. In addition to this, the defendant had claimed
that she had a savings bank account. The only bank book submitted
to inspection, however, was the one containing the entries of $13,000
deposits. The testimony also established that the defendant had
stated that she had kept no books of account since 1895, but that her
accounts with the pupils were shown on the contracts which were
signed by the pupils when they entered the school, the payments being
noted on these from time to time as they were made. It also ap-
peared that the plaintiff, after she had determined to rescind the con-
tract, discovered in the cellar of defendant's house several bundles
of pupils' contracts, which were kept in a box. This discovery was
made from information derived by the plaintiff from an employé of
the defendant, a porter, who pointed out the box in the cellar. The
plaintiff took out three bundles of contracts for the years 1898, 1899,
and 1900, without defendant's knowledge, and brought them to her
home for examination. A tabulation as made by plaintiff and her

witnesses shows that the actual receipts from pupils, as based upon these contracts, were $2,927.25 for 1898, $2,344.77 for 1899, and $2,511.42 for 1900. It also appears that, had the contracts of the pupils been fulfilled, the receipts would have been about double the amount actually received. Defendant's counsel strenuously argues that there is no evidence that the contracts submitted are all of the contracts. This is true. But a witness—Elizabeth Burke—testified that from October, 1900, to April, 1901, when she was connected with the defendant's establishment, there was an average of 18 to 20 pupils at any one time in defendant's school; that the tuition fee varied from $26 to $85 a course; that a course would extend over two, three, or any number of months, depending upon the pupil; that about nine pupils were of the $26 kind. If an average of, say, $55 for a course be taken, and an average time of three months allowed for each pupil, we would have about 80 pupils a year at $55, or $4,400, as the total value of the contracts, assuming they were all collectible. We have thus some corroboration of the fact that the tabulation prepared from the contracts found in the cellar shows the true condition of affairs as to the amount of business done in the years immediately preceding the formation of the copartnership. Considering the circumstances under which the contracts were found, it would also seem that they were all the contracts for the years 1898, 1899, and 1900. There was no reason shown why it should not be presumed that the contracts taken from the cellar were not all the contracts for the years referred to. It was also conceded upon the trial that the bank book shown the plaintiff's agent, who assisted in the negotiations leading up to the making of the agreement in controversy, contained deposits for moneys other than those received from the business in question. This is in direct contradiction of the statement alleged to have been made by the defendant before the partnership agreement was executed. Defendant's counsel urges that there is no evidence showing how much was so deposited outside of the receipts of the business, and that, in the absence of proof on this point, it cannot be assumed that the amount was so large as to make such a material misstatement as to justify an inference of fraudulent intent. Standing alone, there would seem to be force in such an argument, but coupled with the other facts and circumstances of the case, and in the absence of any explanations on the part of the defendant, who has it in her power to enlighten the court upon all of the matters discussed, I am constrained to find that the plaintiff has successfully maintained the burden of proof, and made out a case of fraud prima facie. Judgment is therefore granted in behalf of the plaintiff upon the merits, with costs.

Judgment for plaintiff upon the merits, with costs.